BLAUVELT *vs.* SMITH and others.

1. The writ of assistance can only issue against persons who are parties to the suit, or who came into possession under a defendant after its commencement. But in all cases the parties in possession and against whom the writ is applied for, should have notice of the application, and are entitled to be heard on it.

2. This writ is a summary process, only used when the right is clear, and when there is no equity or appearance of equity in the defendant, and where the sale and proceedings under the decree are beyond suspicion.

On application for writ of assistance. The case was argued upon the petition of Frederick B. Hinds, one of the defendants, who also became the purchaser of the mortgaged premises at a foreclosure sale by the sheriff.

*Mr. Ransom,* for petitioner.

*Mr. A. S. Jackson,* for Mrs. Smith.

THE CHANCELLOR.

F. B. Hinds bought the premises ordered to be sold by the final decree in this cause, at the sheriff's sale, and has received the sheriff's deed for them. Sarah Ann Smith was one of the defendants. The application is for a writ of assistance, directing the sheriff to put the purchaser in possession of the mortgaged premises.

There are several other persons in possession of parts of the mortgaged premises, or rather of the tenement house upon them; some of these persons were tenants at the commencement of the suit, others were not, but have succeeded those who were then tenants. None of these tenants were made parties to the suit; one of them, Matilda Sturges, who claims to hold the legal title of the premises, was there before the commencement of the suit, and still remains. The writ of assistance can only issue against persons who are parties to the suit, or who came into possession under a defendant after its commencement. But in all cases the parties

in possession and against whom the writ is applied for, should have notice of the application, and are entitled to be heard on it. In this case, no one in possession has been notified except Mrs. Smith, and the writ could not be issued as applied for, to put the purchaser in possession of the mortgaged premises. It might be issued to give possession of the part occupied by Mrs. Smith herself.

But this writ is a summary proceeding, by which this court puts a purchaser in possession without any trial of his right or any opportunity for the defendant to make defence. It is done on the principle that the rights of the defendant, including his right of possession, had been sold under a decree of this court in a suit to which he was a party, and in which he had a right to be heard. But this summary process is only used when the right is clear and when there is no equity, or appearance of equity, in the defendant, and where the sale and proceedings under the decree are beyond suspicion.

The property sold under this decree is worth some $5000 or $6000, and was sold for $800, a price grossly inadequate. Mrs. Smith, who has the life estate, is an infirm paralytic, almost deprived of her intellect, with barely sufficient capacity to execute these mortgages, if sufficient for that. She and her two children, who live with her, and her mother of eighty years, who occupies the upper story, are miserably poor. The property had been conveyed by the husband of Mrs. Smith, in his lifetime, in trust for her, and they seemed to have doubted whether these mortgages were valid, and between ignorance, poverty, and incapacity, the sale was unattended to. It may yet be possible to institute some proceedings by which this sale, apparently so inequitable, may be set aside. Under these circumstances, I think I ought not to give the purchaser the extraordinary relief of the writ of assistance, but leave him to his action of ejectment. It is less important in this case, as only a small proportion of the house could be delivered to him by this writ, and he would be compelled to bring ejectment for the residue.

The application must be denied.